McKiNNET, J.,
delivered the opinion of the court.
This was a petition for a mandamus, filed in the '•circuit court of Haywood, to compel the defendant, the ■entry-taker for that county, to receive an entry for 414 •acres of land, tendered to him by the petitioner, on the 11th December, 1854. The application was refused, and the petitioner appealed to this court.
The petitioner alleges in his petition, that he is the son and heir at law of Davis Battle, who died in September, 1824; that after the death of Davis Battle, namely, -on the 5th of December, 1826, a duplicate ■military land warrant No. 1034, was issued by the proper authority, in the name of said Davis Battle, for 414 acres of land; that after the issuance of said warrant, one Samuel Dickens wrongfully obtained possession •of, and entered the same, on the 3d of January, 1827, in the name of said Davis Battle, and said entry was surveyed on the 2d of December, 1838, and that on ■the 29th of December, 1838, said Dickens fraudulently -and without authority, assigned and transferred the plat ■and certificate of survey to one Alexander, to whom a grant issued for the same on the 30th of June, 1841. The petition alleges notice to the parties in possession, ■tender of the fees, and a compliance with all the requirements of the law, on the part of the petitioner.
The petition assumes that the entry was utterly void, because of the death of the person in whose name it *578 was made, prior to tbe mating thereof; that for the same reason the grant was void; and consequently, that the land described in said entry remains vacant and unappropriated, and that the petitioner is entitled to enter and appropriate the same.
The validity of the entry and grant referred to in the petition, cannot, at this day, be regarded as an open question in the courts of this State. The question arose and was decided at a very early period in our judicial history, and by very eminent and enlightened judges.
The act of 1779, ch. 4, § 4. 1 Scott’s Rev., 239, provides “that in case of the death of any person, who heretofore has made an entry of land, or who hereafter shall make an entry, pending the same, or before the making out the grant, his or their heirs or assigns shall have a fee simple estate in the premises, although the grant shall be made in the name of the decedent.” In the case of Billingslys’ lessee vs. Rhea, 1 Tenn. R., 198, decided at the May term, 1806, of the old superior court, for the district of Mero, the precise question arose, which is presented by the record before us: There, Moore, in whose name the entry had been made, and grant issued, died long before the making of the entry: and the reading of the grant was objected to, as being a nullity, no such person being in existence when the entry was made, or grant issued. But it was held, by White and Overton, judges, upon the construction of the act above cited, that though the case did not come within the letter, it evidently did within the equity of the act. The authority of this decision has never been impugned or questioned in any subsequent case, so *579 far as we are aware. On tbe- contrary, it has been constantly acquiesced in, and acted upon, as an established principle of our System of land law; and upon it, many of tbe land titles of tbe country depend. And upon its authority, we rest -our judgment in the case under consideration, without attempting to fortify the correctness of the conclusion by any reasoning of our own, or other authority. The judgment' in that case, whether right or wrong in the, first .instance — having been acted upon as a rule of decision and of property for half a century, cannot now be changed by anything short of legislative authority.
In this view, it is clear, that the mandamus was properly refused, as the entry-taker had no authority to vacate a valid prior entry. If the validity of the entry had ever been doubtful, the entry-taker could not have been compelled by mandamus to receive another entry for the same land.
Upon the facts stated in the petition, the remedy was by a different proceeding in another forum.
Judgment affirmed.